HENRY F. McCLOSKEY

*v.*

CYRUS H. McCORMICK *et al.*

1. CHANCERY — *mistake in written instrument.* A court of chancery will correct a written instrument, where clearly made to appear that it was entered into and executed under mistake.

2. PRACTICE — *objections to bill in chancery — how made.* Technical objections to a bill in chancery, to be available at any time, can only be raised by demurrer.

3. RES ADJUDICATA — *defense of.* The fact that a complainant in chancery commenced an action at law, which he finally abandoned because it would be

ineffectual, is no bar to the assertion of his rights in a forum where a remedy can be given.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. BENJAMIN R. SHELDON, Judge, presiding.

The case is sufficiently stated in the opinion of the court.

Mr. D. W. JACKSON, for the appellant.

Mr. CHARLES BLANCHARD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was a bill in chancery, filed by McCormick, to correct a written instrument. It appears McCormick sold to McCloskey a warehouse in the city of Galena, with all the personal property in it excepting a quantity of salt in tierces and barrels. The agent of McCormick gave the purchaser a written memorandum of the purchase, specifying four hundred and forty-two tierces and one hundred and six barrels as the quantity reserved, and transferring all other movable effects in the house. The bill charges, it was the intention of the parties that all the salt should be reserved, and that the number of one hundred and six barrels was specified under the supposition that there was no larger number in the house, whereas there were in fact one hundred and fifty-six barrels. The bill further alleges a demand on the defendant to surrender the fifty barrels, and his refusal, on the ground that the memorandum of sale gave him the title, and prays for a correction of the error and general relief.

The answer sets up that the complainant brought an action at law against the defendant for recovery of the fifty barrels; that he recovered judgment therefor in the Circuit Court; that the defendant appealed; that the Supreme Court reversed the judgment on the ground that the memorandum or contract of sale could not be contradicted by parol evidence; that the cause was remanded and then dismissed by the plaintiff, and that those proceedings are a bar to the prosecution of this suit.

The Circuit Court decreed the defendant should pay the value of the salt, and the defendant appealed.

The decree was unquestionably correct. The proof shows the mistake beyond all controversy, and the avowed intention of the defendant to avail himself of what he deemed a legal advantage, even though unconscionable and obtained by accident. His own witness and clerk swears he disclaimed any moral, but claimed a legal, right to the salt.

Counsel for appellant urge various objections of a very technical character to the bill, in regard to which it is only necessary to say, that, if available at any time, they were only so by demurrer, to which the defendant did not resort. The bill shows substantial grounds for relief, and it is sustained by the proof.

Neither were the proceedings in the action at law a bar to this suit. In that action the plaintiff took a nonsuit after this court had decided that the memorandum of sale had amounted to a contract, which, being in writing, could not be contradicted by parol evidence in an action at law to recover the value of the salt, and that the only remedy for the mistake was by an application to a court of equity. The fact that the complainant commenced an action which he finally abandoned because it would be ineffectual, is no bar to the assertion of his rights in a forum where a remedy can be given.

It is objected that the complainant's attorney, who drew the written instrument, was liable to complainant for the value of the salt, and therefore an incompetent witness. It appears he inserted in the instrument the number of barrels given him by Langfeldt, the clerk of the complainant. There was therefore no negligence on his part, and he would not be liable in case the complainant should not succeed.

There is no error in the record, and the decree must be affirmed.

*Decree affirmed.*