ASAHEL GAGE

*v.*

GEORGE L. WEBB.

*Filed at Ottawa May 12, 1892.*

1. TAX DEED—*sale for special assessment—on whom notice must be served.* The fact that a lot is taxed in the name of a former owner does not even tend to prove that it was specially assessed in his name, and the legislature has evidently recognized the fact that property may be taxed in the name of one person and specially assessed in the name of another, and has therefore required the notice in cases of special assessments to be served on the person in whose name the assessment was made. In such case, to serve it upon the person in whose name taxed is no more a compliance with the requirement of the statute than it would be, in case of a sale for a tax, to serve notice upon the person in whose name the property was specially assessed.

2. While it is true that section 216 of the Revenue act of 1874 differs essentially from the same section as amended in 1879 and now in force, still then, as now, it is necessary to show service of notice of a purchase at tax sale "upon the person in whose name the same was taxed or *specially assessed,* if upon diligent inquiry he or she can be found in the county." This language means, if the sale was made for a delinquent tax, that the notice must be served on the person in whose name the property was taxed, but if for a delinquent special assessment, then it must be served upon the person in whose name it was specially assessed.

3. SAME—*land assessed in no name—notice by publication.* Where property is not specially assessed in the name of any person, the service can not be had upon the person in whose name assessed; but that will

not justify the substituting of another person upon whom to make service. If the designated persons to be served can not be found, the notice is required to be by publication. If the property is not assessed in the name of some person, that should be stated in the affidavit of service of notice.

4. SAME—*sale for special assessment—notice must state for what year assessed.* There is a marked difference between a tax and a special assessment, and in the manner in which they are levied, and hence it is held that the notice of the tax sale under section 216 of the Revenue act, when the sale has been for a tax, must state for what year taxed, and if for a special assessment, for what year specially assessed.

5. SAME—*bill to set aside—allegations sufficient to admit proof of want of service of notice.* A bill to set aside a tax deed as a cloud on title alleged that the affidavit of the service of notice of the purchaser did not show service on the person in whose name the lot was specially assessed, or that such person could not be found in the county; also, that notice was not served on the person in whose name the lot was specially assessed. It also averred that defendant did not, by himself or his agent, prior to the execution of such deed, make or deliver to the county clerk any affidavit stating facts legally entitling him to the deed : *Held,* that while the bill may have been obnoxious to demurrer, its allegations were sufficient to admit proof that the affidavit did not show that notice had not been served on the proper person.

APPEAL from the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Mr. AUGUSTUS N. GAGE, for the appellant:

It does not appear that the lot was assessed in the name of any person, and when that is the case, no person's name can be put in the notice, but the person in whose name the same was taxed must be inserted, because the statute so requires.

The notice does show that the sale was for a special assessment. Its language is : "Said taxes and special assessment were levied for the year 1873, for the second installment of the South Park special assessment, which was levied or assessed in the year 1872." The second installment was levied for the year 1873.

Mr. E. R. Bliss, for the appellee:

A tax title, if a title at all, is so *stricti juris*. It is a purely technical, as contradistinguished from a meritorious, title, and depends for its validity upon a strict compliance with the statute. Objections which, in regard to sales of a different character, would be overlooked, are here held valid. And this strictness rests upon a self-sufficient reason. *Altes* v. *Hinckler*, 36 Ill. 265; *Wisner* v. *Chamberlin*, 117 id. 568.

The affidavit must follow "the requirements of the statute, and state particularly the facts relied on as showing service of notice, so that the court might see that the mode of service was that which is required by the constitution and the statute." *Price* v. *England*, 109 Ill. 396; *Davis* v. *Gossnell*, 113 id. 121.

The affidavit is insufficient, because it does not state in whose name, if any, the land was specially assessed. Article 9, section 5, of the constitution of 1870, requires "reasonable notice to be given to the owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments." The distinction between a tax and a special assessment is well recognized. *Gage* v. *Waterman*, 121 Ill. 118; *Stillwell* v. *Brammell*, 124 id. 338; *Gage* v. *Davis*, 129 id. 236.

A tax is a lien from the first day of May; a special assessment from the date of confirmation. The owner liable for the tax may not be the owner on the day the special assessment becomes a lien. Therefore, if the sale was for a special assessment only, the constitution requires notice to be given to the owner or party interested in its payment. Hence the affidavit must disclose the name of the person in whom the land is specially assessed, in order that it may be ascertained whether proper service has been made upon the owner or party interested in the special assessment. If assessed in no name, or to an unknown owner, the affidavit should show that upon diligent inquiry the owner could not be found. *Gage* v. *Bailey*, 100 Ill. 536.

Section 216 of the Revenue act provides that notice should be served on "the person in whose name the land was taxed or specially assessed."

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a bill in chancery, by appellee, against appellant, to set aside certain tax deeds to lot 11, block 2, in Woodlawn, as clouds upon complainant's title. The decree of the Superior Court was according to the prayer of the bill, and defendant below appeals.

Although the decree vacated five tax deeds, the only error complained of here is the setting aside of one of those deeds, which bears date August 22, 1877. The grounds upon which its validity is assailed is, that the notice and affidavit presented to the county clerk, upon which the deed was executed, did not show a compliance with the requirements of sections 216 and 217 of the Revenue law then in force.

The sale upon which said deed was based was made on the second day of December, 1874, for the delinquent "second installment of the South Park special assessment." Appellee became the owner of said lot by warranty deed from James Wadsworth and wife, December, 1873. The affidavit presented to the county clerk was made by one Walter J. Gray, as the agent of appellant, and stated that he visited the lot on the 18th day of May, 1876, for the purpose of serving the notice annexed to his affidavit on the occupant, but there was no person in possession of the same; that said lot was vacant and unoccupied, and in possession of no person, three months before the time of redemption from said sale expired, etc., "but said lot was taxed in the name of James Wadsworth, and that he served a notice (of which the annexed is a true copy) on said James Wadsworth, by handing the same to and leaving the same with him, said James Wadsworth, at Chicago, in said county, on the 15th day of June, 1876." The notice at-

tached to said affidavit, and referred to therein, is addressed "to whom it may concern," and recites the purchase of the lot, in whose name taxed, etc., and when the redemption will expire.

Does the affidavit show service of notice upon the proper person? In other words, is it sufficient, where a tax deed is applied for, under said section 216, on a sale made for a delinquent special assessment, to show by affidavit that a notice of the purchase, etc., had been served on the person in whose name the premises were *taxed?* It will be seen that this affidavit does not purport to show notice, by publication or otherwise, upon any person other than the one in whose name the lot was *taxed.* While it is true that section 216, chapter 120, of the Revised Statutes of 1874, under which the validity of this deed must be tested, differs essentially from the same section as amended in 1879, and now in force, still then, as now, it was necessary to show service of notice "upon the person in whose name the same was taxed or *specially assessed,* if upon diligent inquiry he or she can be found in the county." This language clearly means, if the sale was made for a delinquent tax the notice must be served on the person in whose name the property was taxed, but if for a delinquent special assessment, then it must be served on the person in whose name it was specially assessed,—otherwise a part of the language of the statute is meaningless. Section 216 was adopted in obedience to section 5, article 9, of the constitution of 1870, requiring the General Assembly to provide by law "for reasonable notice to be given to owners or parties interested, by publication or otherwise, of the fact of the sale of the property for such taxes or assessments, and when the time of redemption shall expire." Prior to the amendment of 1879 the statute did not require notice to be served upon the "owner or parties interested," by that designation. It was doubtless thought by the legislature, when the section was first adopted, that "reasonable notice" might be given the owner, etc., by

serving notice upon the person in the actual occupancy of the premises, if occupied, and upon the person in whose name it was taxed or specially assessed, if such persons could be found in the county, and if not, then by publishing the notice, because, presumably, property is taxed or assessed in the name of the owner. It is, however, well understood that there is a marked difference between a tax and a special assessment, and in the manner in which they are levied; and hence we have held, that the notice under section 216, when the sale has been made for a tax, must state for what year taxed, and if for a special assessment, for what year specially assessed. *Gage* v. *Waterman,* 121 Ill. 115; *Gage* v. *Davis,* 129 id. 239.

The fact that this lot was taxed in the name of James Wadsworth, a former owner, did not even tend to prove that it was specially assessed in his name. The legislature evidently recognized the fact that property might be taxed in the name of one person and specially assessed in the name of another, and in determining what should be reasonable notice to the owner, required the notice, in cases of special assessments, to be served on the person in whose name the assessment was made. In such case, to serve it upon the person in whose name taxed is no more a compliance with the requirement of the statute than it would be, in case of sale for a delinquent tax, to serve notice upon the person in whose name the property was specially assessed. The question here is not what the notice must contain, but upon whom must it be served, so as to give reasonable notice to the owner.

But it is said, "it does not appear that this property was specially assessed in the name of any person," and therefore, it is contended, the affidavit is sufficient. It is doubtless true that service could not in such case be had upon the person in whose name assessed; but would that justify the substituting of another person upon whom to make service? The statute expressly provides that if the designated persons to be served can not be found, the notice shall be by publication. The fatal

objection to the affidavit is, it does not pretend to show that the lot was not assessed in the name of any person, but seeks to make good service by showing that the notice was given to the person in whose name the lot was *taxed*.

In view of the fact that the deed in question is based upon a sale for a special assessment, and not for a tax, we regard the service upon Wadsworth as wholly unauthorized, and amounting to no more than if it had not been served at all.

It is also contended by appellant that this question is not properly raised by the bill. It must be conceded that the allegations on which it is based are awkwardly drawn; but it is averred, in substance, that the affidavit did not show service on the person in whose name the lot was specially assessed, or that such person could not be found in the county; also, that notice was not served on the person in whose name said lot was specially assessed. There is also an averment "that the defendant did not, by himself or his agent, prior to the execution of said deed, make or deliver to the county clerk of this county  *  *  * any affidavit whatever, stating facts which would legally entitle the said defendant to said deed." Had a demurrer been urged to these allegations they would doubtless have been held bad, but inasmuch as appellant chose to deny them by his answer and go to trial thereon, the allegations were sufficient to admit proof that the affidavit did not show notice had been served on the proper person.

For the reasons stated, the court below properly held said deed invalid, and other objections need not therefore be noticed.

The decree of the Superior Court will be affirmed.

*Decree affirmed.*