## ⌐ John Miles v. Thea Miles.

1. CHANCERY PRACTICE—*Where the Allegations of a Bill Are Informal, but Are Not Questioned by Demurrer.*—Where the allegations of a bill are informal, but the defendant joins issue thereon, he will not be heard for the first time in this court to question such allegations as to their formality, if they are, in substance, correct.

2. DIVORCE—*Condonation is a Stricter Bar Against Husband than Against the Wife.*—Condonation is not so readily inferred from acts of, and applied as a bar in the case of, a wife, as it is against a husband.

**Bill for Divorce.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed March 31, 1902. Rehearing denied April 19, 1902.

Appellant and appellee were married in 1878. In 1900 appellant exhibited his bill of complaint alleging, *inter alia*, that appellee had been guilty of extreme and repeated cruelty, and praying for a decree of absolute divorce. Appellee filed answer and cross-bill. By her answer she denied the allegations of appellant's bill. By her cross-bill she charged appellant with extreme and repeated cruelty, and prayed for a decree providing for her separate maintenance. Appellant answered the cross-bill, denying its allegations. The evidence was heard in open court. The chancellor entered a decree dismissing the original bill of complaint for want of equity, and granting to appellee the relief prayed by her cross-bill; viz., a separate maintenance. From that decree this appeal is prosecuted.

GEORGE W. WILBUR, attorney for appellant.

Miles v. Miles.

J. JULIUS NEIGER, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Two questions were submitted to the trial court, viz.: First, as to whether appellant was entitled to a decree of divorce upon his original bill of complaint and the evidence; and, second, as to whether appellee was entitled to a decree providing for her separate maintenance, upon her cross-bill and the evidence.

The learned chancellor of the Circuit Court found for the appellee upon each of these issues. One of these findings, viz., that the evidence failed to sustain the appellant's original bill, we are not called to review, for the appellant's counsel state in reply brief as follows:

" As to the prayer for divorce on behalf of appellant, it is neither insisted upon now, nor desired, and he wishes to withdraw all suggestions in relation thereto."

There remains, therefore, only to be considered the one question as to whether the evidence warrants the conclusion of the chancellor that appellee was entitled to the relief prayed by her cross-bill.

The evidence discloses that the litigants have lived unhappily for many years. There is evidence which tends to establish that appellant struck his wife, appellee, with his fist, within a period of two years preceding the suit; that he struck her with a leather strap within some six or seven months preceding the suit; that about the same time he threw a tea-pot at her; that he had repeatedly called her by offensive names; and that he had cut off her supply of funds for her living expenses. If the chancellor credited this evidence, he might properly have found the material allegations of the cross-bill were established and that appellee was entitled to the relief prayed. It would extend this opinion to unreasonable length to canvass all this testimony. It is enough to say that after a careful examination and consideration of it all, we are not prepared to hold that the finding of the learned chancellor is manifestly against the weight of the evidence.

It is contended by the learned counsel for appellant that

the cross-bill is insufficient in its allegations to warrant the relief granted by the decree. It is urged in this behalf that the cross-bill does not specifically allege that appellee was then living separate and apart from appellant, her husband. But the cross-bill, while it does not allege in precise terms that appellee was living separate and apart from her husband and through no fault on her part, does, nevertheless, by specific allegations of fact, set up in effect precisely that condition. It alleges acts of cruelty; that by reason of the same it was unsafe for appellee to live with appellant; that on July 15, 1899, she left him; and that he failed to provide for her support. It is also alleged that appellee, the cross-complainant, had faithfully discharged all her duties as the wife of appellant. We are of opinion that these several allegations, when taken together, do in effect constitute the charge required by the statute, viz., that she was, when the cross-bill was exhibited, living separate and apart from her husband without her fault.

If the allegations are to be considered informal in this behalf, yet appellant failed to question them by a demurrer to the cross-bill, but joined issue upon them. He ought not now to be heard for the first time to question the allegations as to their formality, if they are, in substance, sufficient. Kuchenbeiser v. Beckert, 41 Ill. 172; McCloskey v. McCormick, 44 Ill. 336; Gage v. Webb, 141 Ill. 533; Campbell v. Potter, 147 Ill. 576.

It is also urged by the learned counsel for appellant that appellee had condoned any offense committed by appellant. We are of opinion that the evidence fails to establish any such condonation. Condonation is not so readily inferred from acts, and applied as a bar, in the case of a wife, as it is against a husband. Duberstein v. Duberstein, 171 Ill. 133.

Moreover, after appellant and appellee were living apart, appellee went to the apartments of appellant and undertook to help prepare a meal for him. Appellant returning and finding her thus occupied, said, "Now, what are you doing up here? You ran away from here once, now why

don't you stay away?" This occurrence is admitted by appellant. We think it apparent that there was no disposition upon the part of appellant to accept a reconciliation. After trial had progressed nearly to a conclusion, appellant, through his lawyer, wrote a letter to appellee offering to support her. The court was not bound to view this offer as sincere or as presenting any obstacle to a decree upon the evidence already heard. Johnson v. Johnson, 125 Ill. 510; Wilson v. Wilson, 67 Ill. App. 522.

It is also complained that the amount awarded by the court as alimony and solicitor's fees is excessive. Appellant is receiving a salary of $175 per month and owns a lot with improvements thereon. The court allowed appellee the use of the building, and decreed the payment of $30 per month in money for appellee's support, and the sum of $225 as solicitor's fees. This left appellant with $140 per month of his salary for his own use and the support of a son, and also the use of a cottage from which he is receiving a rental of $12 per month. Two daughters of appellant and appellee reside with appellee. We are not prepared to hold that the allowance is excessive. The court had opportunity to observe the services rendered by the solicitor for appellee. The other allowance is not unreasonable in view of the circumstances of the parties. The decree is affirmed.