## John L. Foran, Complainant, v. Henry K. Shank et al., Defendants.

## Walter George, Cross Complainant, Appellee, v. Thurston E. Walters, Cross Defendant, Appellant.

## Gen. No. 6,718.

1. EQUITY, § 135*—*when bill not defective as stating mere conclusions.* Allegations in a cross-bill for the foreclosure of a mortgage which set up as the basis of the liability of the defendant therein the execution of a deed to him as grantee of the premises at a specified date subsequent to the date of the mortgage, the recording of the deed, the book and page of the record and that by said deed he had assumed and agreed to pay the mortgage indebtedness, are not subject to the objection that they merely state conclusions of the pleader.

2. MORTGAGES, § 489*—*when cross-bill on foreclosure against purchaser assuming mortgage demurrable.* A cross-bill to foreclose a mortgage which alleges that the defendant assumed and agreed to pay the mortgage indebtedness by virtue of a deed to the premises executed to him as grantee subsequent to the date of the mortgage, but which fails to allege that he accepted such deed with knowledge of the clause making him liable to such mortgage or went into possession of such premises having knowledge of such clause, is demurrable.

3. EQUITY, § 292*—*when grounds for demurrer to cross-bill waived.* Where a cross-bill to foreclose a mortgage alleges that defendant therein assumed and agreed to pay the mortgage indebtedness by virtue of a clause contained in a deed to the premises executed to him as grantee subsequent to the date of the mortgage, but does not allege that he accepted the deed or went into possession with knowledge of such clause, and he does not demur to the cross-bill on such ground, but files an answer averring that he had no knowledge of the execution or recording of the deed and denying that he accepted it with knowledge of the assumption clause and, on the trial, evidence is heard on these controverted issues of fact raised by the answer but not covered by the averments of the cross-bill, by filing such answer and thus going to trial he waives right after the trial to question the sufficiency of the allegation of the cross-bill which might otherwise have been made the subject of a demurrer.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. EQUITY, § 218*—*what objections should be taken by demurrer.* Where the allegations of a bill are informal or insufficient, objections should be taken by demurrer in the court below, so that complainant may have an opportunity to amend.

5. APPEAL AND ERROR, § 422*—*what objections to bill waived by failure to object.* Where a defendant, instead of demurring, joins issue on a bill which is informal or insufficient and goes to trial on the issues, he cannot be heard for the first time in the Appellate Court to raise the insufficiency or informality of the bill.

6. EQUITY, § 172*—*what is effect of answer.* By filing an answer defendant submits to the court his case, which is made by all the pleadings.

Appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DE SELM, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 9, 1920. Rehearing denied April 7, 1920.

CHARLES H. DARLING and JOHN A. MAYHEW, for appellant.

HENRY F. RUEL, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

John L. Foran filed a bill in equity in the circuit court of Kankakee county to quiet title, reform deeds and to foreclose the lien of a mortgage of which he was the holder, on the premises described in the bill, and made the appellee, Walter George, who held a second mortgage against the same premises, and the appellant, Thurston E. Walters, Henry K. Shank, and other parties interested, defendants in the bill. Afterwards the bill was amended, and the appellant, and the appellee and other defendants, filed their answers thereto. Thereupon the appellee, as the holder of the junior mortgage, filed a cross-bill for the foreclosure of his mortgage. The cross-bill was filed also for the purpose of establishing a personal liability on the part of the appellant to pay the mortgage indebtedness.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The appellant had purchased the mortgaged premises subsequent to the date of the mortgage in question from H. M. Fiddler and Josephine Fiddler, his wife, who conveyed the same to him by warranty deed. The allegation in the cross-bill in reference to the matter of the personal liability of the appellant is, "that Thurston E. Walters, grantee named in the warranty deed of the premises in question from H. M. Fiddler and Josephine Fiddler, his wife, dated August 24, 1910, and recorded August 27, 1910, in Book 288, page 173, in the recorder's office of said county of Kankakee, assumed and agreed to pay said indebtedness, so secured by said note and mortgage, and thereby became personally liable for the payment of said note and mortgage according to their terms, and is now personally liable therefor." The appellant filed an answer to the cross-bill, denying that he assumed and agreed to pay said mortgage indebtedness, and denying that he was personally liable therefor, and alleging in that regard, among other things, that he had no knowledge of the deed of said H. M. Fiddler and Josephine Fiddler to him, which was executed on the 24th day of August, 1910, and that the same was made without his knowledge or consent; that he did not learn or become aware of the fact that said deed had been executed as aforesaid and recorded until after the filing of the bill of complaint in this cause. He also denied that he took, or received, or held any real estate under and by virtue of said deed, alleged to have been made on the 24th day of August, 1910, but that he took, received and held the possession of the real estate described therein, under and by virtue of another deed made and executed and delivered by said H. M. Fiddler and Josephine Fiddler on the 15th day of August, 1910, which deed did not contain any agreement by which he assumed said mortgage indebtedness; also alleging that the consideration mentioned in the deed of August 24 was ficti-

tious; and that he paid nothing for the making of said deed; and that no consideration passed from him to the grantors; also alleging that the deed of the 24th of August was made for the sole and only purpose by the grantors to correct an error in the description of the real estate conveyed by the deed of the 15th day of August; also alleging that he never accepted, received or consented to the execution of said deed of August 24; and never received said deed from said grantors; and never authorized or employed any agent or attorney to accept or receive the same for him, or in his behalf. The court heard the evidence on the issues raised by the averments of the cross-bill, and the matters alleged in the answers. The proof shows that H. M. Fiddler, who had become the owner of the premises in question by conveyance from George W. Kearns and Ada Kearns, his wife, sold and conveyed the same to the appellant; that the appellant himself had the deeds of August 15th and of August 24, 1910, prepared, and that they were signed by the Fiddlers at his request; that he had caused the second deed of August 24 to be made in order to correct an error in the description in the first deed; that the appellant went into possession of the land under the deeds in question; and that he had paid the interest on appellee's mortgage, which he had assumed and agreed to pay in the deed of August 24, during the time he held possession of the land. The decree which was rendered finds the amount due the complainant Foran under his prior mortgage, and finds that there was due to the appellee under his mortgage the sum of $593; also $40 solicitor's fees, making a total of $633, and that the appellee was entitled to foreclosure for said amount; and directs a sale of the premises by the master in chancery to pay the mortgage indebtedness of the complainant, and of the appellee; and finds that in case any deficiency should arise from said sale, on the amount due the cross complainant, that the appellant is personally lia-

ble therefor. The master's report of the sale shows that the premises were sold in accordance with the provisions of the decree, and that there was a deficiency in the amount found due the appellee of $636.96, and a deficiency decree was thereupon entered for that amount against the appellant. The appellant objected to the entry of the deficiency decree, and prosecutes now this appeal therefrom.

The only question raised on appeal is concerning legality of the deficiency decree; and it is contended that it was improperly rendered because the allegations in the cross-bill heretofore set out were not statements of facts, which shows that the appellant was personally liable for said mortgage indebtedness, but were merely the conclusions of the pleader, and were therefore wholly insufficient as the basis of a deficiency decree. It is apparent, however, that the allegations in the cross-bill referred to are not the only basis for the deficiency decree; nor can we agree with the contention of counsel, that the allegations of the cross-bill in reference to the appellant's personal liability are merely conclusions. The allegations contain statements of a number of facts, upon which the personal liability of the appellant is based, namely, the execution of the deed of August 24, 1910, the recording of the same, and the book and page where the same were recorded, and that by said deed he had assumed and agreed to pay said mortgage indebtedness. It is true there is no statement of one necessary element to legally establish appellant's liability, namely, that the appellant accepted said deed with a knowledge of the clause in question or went into possession of the land conveyed under the deed having knowledge of said clause; or of any facts from which knowledge and acceptance might be reasonably inferred. This feature of the cross-bill in that respect, at least, was subject to demurrer. And if appellant desired to raise the question of the sufficiency of the allegations to estab-

lish·a personal liability on his part, he should have demurred to the cross-bill on that ground. The appellant, however, chose not to do so, but filed his answer, which, by averring that he had no knowledge of the execution or recording of the deed in question and denying that he had accepted the same with a knowledge that it contained the assumption clause, raised issues of fact concerning the identical matters which were not covered by the averments of the bill; and these matters became thereby controverted questions in the case; and the court heard the evidence concerning these controverted questions. By filing this answer, and going to trial under these circumstances, the appellant waived his right after the trial to question the sufficiency of the allegation of the cross-bill, which might otherwise have been made the subject of a demurrer, had he chosen to take that course. *Kesner v. Miesch,* 204 Ill. 320. The proof heard was practically conclusive against the appellant upon all the issues raised by his answer to the bill, and all the elements necessary to establish his personal liability were established. The law is well settled that where the allegations of a bill are informal or insufficient, objections should be taken by demurrer in the court below, so that the complainant in the bill may have an opportunity to amend the bill and make it sufficient. *Dupuy v. Gibson,* 36 Ill. 197. And where a defendant instead of demurring joins issue on a bill that is informal or insufficient, and goes to trial on the issues, he cannot be heard for the first time in this court to question the insufficiency or informality of the allegations of the bill. *Miles v. Miles,* 101 Ill. App. 406; *Kuchenbeiser v. Beckert,* 41 Ill. 172; *McCloskey v. McCormick,* 44 Ill. 336; *Gage v. Webb,* 141 Ill. 533; *Campbell v. Potter,* 147 Ill. 576.

By filing an answer, the appellant submitted his case to the court, which was made by all the pleadings. *Kaufman v. Wiener,* 169 Ill. 596; *Highway Com'rs of*

*Town of Harrison v. Sweet,* 77 Ill. App. 641; *Kesner v. Miesch,* supra.

For the reasons stated, we are of opinion that the deficiency decree was proper and the decree is affirmed.

*Decree affirmed.*