JACOB L. KESNER

*v.*

CATHERINE MIESCH.

*Opinion filed October 26, 1903.*

1. APPEALS AND ERRORS—*when freehold not involved.* A freehold is not involved on appeal from a proceeding to cancel as a cloud on complainant's title a contract to convey property, purporting to be signed by her, where the title is not put in issue by the pleadings and there is no assignment of error touching the freehold.

2. SAME—*answering bill waives right to assign error on overruling of demurrer.* Answering a bill after a demurrer has been overruled waives the right to assign error upon the court's action in overruling such demurrer.

3. CLOUD ON TITLE—*when instrument may be removed as a cloud.* A contract for a conveyance purporting to be signed for the owner by an agent is properly removed as a cloud on title, even though the authority of the agent does not appear in the instrument, where the defendant waives his demurrer and makes an unsuccessful attempt to establish the agent's authority to sign.

4. PRINCIPAL AND AGENT—*agent must have written authority to bind owner of lots.* Under section 2 of the Statute of Frauds an agent

cannot bind the owner of lots by a contract for their sale unless authorized in writing, signed by the owner.

5. CONTRACTS—*when a verbal promise to carry out a contract has no effect.* A verbal promise by the owner of lots to carry out a contract for the sale thereof made by an unauthorized agent has no binding force, where there are no circumstances to take the case out of the Statute of Frauds.

*Kesner* v. *Miesch*, 107 Ill. App. 468, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. O. H. HORTON, Judge, presiding.

SIMEON STRAUS, and EDWARD N. D'ANCONA, for appellant.

M. L. THACKABERRY, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellee, Catherine Miesch, being the owner and in possession of certain real estate in the city of Chicago, with the building and improvements thereon, commonly known as 4732 Grand boulevard, filed her bill in this case in the circuit court of Cook county against appellant, Jacob L. Kesner, and certain other persons acting as his attorneys and agents, asking the court to remove as a cloud upon her title an instrument dated March 28, 1900, and filed in the office of the recorder of deeds of said county on March 29, 1900, and duly recorded, purporting to be a contract under seal between appellant and appellee for the sale and conveyance by her to him of said premises, in consideration of the conveyance by him to her of certain lots and the payment of $10,500 in cash, and to have been signed by her, "Per J. A. Amendt, Agt." The bill was filed on April 16, 1900, and alleged that appellee never, in any manner, authorized said Amendt to enter into said contract or any contract for the sale of said real estate, and that she had no knowledge or in-

204—21

formation as to said alleged contract until April 14, 1900. Appellant demurred to the bill, and the demurrer being overruled, he answered that the contract was entered into in good faith by him; that it was authorized by appellee; that she had full knowledge of its execution and ratified the same, and that he was ready to fulfill the contract on his part. He denied the averment of the bill that appellee had no knowledge of the contract, and denied that she was entitled to any relief. The cause was referred to a master, who took the evidence and reported that Amendt was not authorized to enter into the contract; that appellee had no knowledge of it and did not ratify it. · The court approved the report, and entered a decree setting aside the alleged contract as a cloud upon appellee's title, and enjoining appellant and the other defendants from interfering with the premises. Appellant removed the case, by appeal, to the Appellate Court for the First District, where the decree was affirmed, and he prosecuted this further appeal.

Appellee presents an argument that the Appellate Court ought to have dismissed the appeal for want of jurisdiction, because a freehold was involved, but she has assigned no cross-error raising that question. We are of the opinion, however, that a freehold was not involved in the appeal. The suit will not result in one party gaining and the other losing a freehold estate, and if the contract should be held valid, appellant would only become entitled to a conveyance upon performance on his part. The title to the freehold is not put in issue in any manner by the pleadings, and there is no assignment of error touching the freehold. In a suit for specific performance to compel the execution of a conveyance of a freehold estate the freehold is involved, but appellant has not sought such relief in this case. The freehold is also involved in a proceeding to cancel a deed purporting to convey title and to remove the same as a cloud, but this instrument does not purport to transfer or con-

vey title. No question concerning the freehold was contested or adjudicated and none is involved in the appeal.

Counsel for appellant, in their argument, insist that the court erred in overruling the demurrer to the bill of complaint, for the reason that the bill, by its allegations, showed that Amendt had not been appointed agent or authorized to make the contract, and no authority to make it appeared of record, so that there was not on record a complete instrument apparently binding appellee, and therefore the bill did not show that the instrument was a cloud on her title. After the demurrer was overruled appellant did not stand by it but answered the bill, and therefore waived the demurrer. He cannot now assign error on the overruling of the demurrer, having waived such objections to the bill as could only be taken by demurrer. He could, however, have the same advantage on the final hearing of the whole case as to matters of substance, if it should appear, upon a consideration of all the pleadings and proof, that the complainant was not entitled to the relief sought. *Gordon* v. *Reynolds*, 114 Ill. 118; *Bauerle* v. *Long*, 165 id. 340.

Appellant, by his answer, raised an issue of fact as to the validity of the contract, alleging that it was executed by authority of appellee and ratified by her, and claiming that it did not cast a cloud upon her title, but entitled him to a conveyance when he should perform it upon his part. If he succeeded in proving that the contract was authorized or legally ratified it would not be a cloud. He now says that there was no cloud, because he would be compelled, in order to enforce the contract, to show the authority of Amendt to make it, which he would be unable to do. It has been held that where the instrument or alleged cloud is void upon its face, or where the party claiming under it, in order to enforce it, must necessarily offer evidence which will show its invalidity, it does not cast a cloud upon the title. The instrument did not show that it was executed without authority and

that it was void on its face. Neither did it show that appellant, in attempting to enforce it, would necessarily produce evidence showing the want of authority. The mere fact that the authority did not appear of record would not establish the fact that there was none, but appellant would be able to enforce the contract upon the production of authority to make it, although not recorded. It is undoubtedly true that the instrument would be a serious injury to appellee's title, depreciating its market value and interfering with its sale and transfer. Appellant, having waived his demurrer, insisted upon the validity of the contract and attempted to establish it by proof, and we think that equity jurisdiction was properly exercised to remove the cloud.

It was proved that Amendt had no authority to dispose of the property or to enter into any contract for the sale of it, but appellant offered evidence tending to prove that on April 14, 1900,—two days before the bill was filed, —appellee verbally admitted to appellant's attorneys that the contract was all right and promised to close the deal. Under our statute an agent has no authority to bind the owner of lots by a contract for their sale unless lawfully authorized in writing, signed by the owner. (*Hughes* v. *Carne,* 135 Ill. 519.) The statute provides the mode and means by which an agent shall receive authority to make such a contract, and he cannot be authorized in any other mode. The alleged admission that the contract was all right and the promise to carry it out were expressly denied by appellee, and the circumstances justify the conclusion of the master that she did not even verbally admit the authority of Amendt. There is nothing to take the case out of the Statute of Frauds, and a verbal promise on her part to carry it out, if made, would be of no effect.

We are satisfied that the decree was right. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*