## J. O. McDowell v. C. B. Jones, et al.

1. FREEHOLD—*when, not involved.* A freehold is not involved in an action of trespass *quare clausum fregit* to recover for an alleged encroachment upon the premises of the plaintiff in putting down a sidewalk upon a public street.

2. REVERSAL—*when errors will not work.* Notwithstanding many errors may have occurred during the trial of a cause, yet where it appears that substantial justice has been done and that no other verdict than that rendered would have been justified, a reversal will not be ordered.

Action of trespass *quare clausum fregit.* Error to the Circuit Court of Lawrence County; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

W. F. FOSTER, for plaintiff in error.

GEE & BARNES and LEWIS & SUMNER, for defendants in error.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in trespass *quare clausum fregit*, by plaintiff in error against defendants in error, in the Circuit Court of Lawrence County, to recover damages for an alleged encroachment upon the premises of plaintiff in error in putting down a sidewalk along one of the public streets

in the city of Sumner.   Trial by jury.   Verdict and judg-
ment in favor of defendants in error.

The Supreme Court has decided that a freehold is not
involved in this case, and therefore this court has jurisdic-
tion.   The former proceeding here, in which the appeal was
dismissed without consideration or determination of the
merits of the case, does not constitute a bar to this suit.
This is not a continuation of the original suit nor of the
former appeal.   A writ of error is a writ of right, and the
suing out of a writ of error is the beginning of a new suit.

Plaintiff in error charges that in putting down a sidewalk
for the city along one of its public streets, defendants in error
encroached upon his abutting premises to the extent of one
foot.   Defendants deny this charge and insist that they
placed the sidewalk wholly within the street.   This pre-
sents the primary and controlling question of fact in this
case.   There was no substantial error on the part of the
court in its rulings as to the admission or rejection of evi-
dence bearing upon this issue, and the weight of it is over-
whelmingly against the plaintiff.   We are of opinion that
no intelligent fair-minded jury could have found otherwise
than did the jury in this case, and it is apparent to us that
substantial justice has been done by the judgment of the
trial court.

It is true, as contended by counsel for plaintiff, that the
record before us discloses many errors.   And it is true that
any one of such errors in a close and doubtful case would
demand a reversal.   But it is also true that where a case is
submitted to a jury and there is no substantial error in the
admission or rejection of evidence bearing upon the con-
trolling issue of fact, and the verdict of the jury is the only
verdict that an intelligent and fair-minded jury could in
reason and justice have returned, and where it is apparent
to the Appellate Court that upon the whole case substantial
justice has been done between the parties by the judgment
of the trial court, such judgment will not be reversed.   The
case at bar falls clearly within this case.

The judgment of the Circuit Court is affirmed.

                                        *Affirmed.*