LAURA C. VOORHEES, Appellant, *vs.* HARRY H. BLUM *et al.* Appellees.

*Opinion filed June 22, 1916—Rehearing denied October 5, 1916.*

1. DEEDS—*all doubts are resolved against limitations on use of property.* Where the intent is clearly manifested, restrictions upon the use of property will be enforced by the courts, but, as a general rule, all doubts are to be resolved against them.

2. SAME—*flat or apartment building is within the term "single detached dwelling house."* A restriction in a deed that the grantee shall not erect any building except "a single detached dwelling house" does not prohibit the erection of a flat or apartment building. (*Hutchinson* v. *Ulrich,* 145 Ill. 336, adhered to.)

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

HARRY S. MECARTNEY, for appellant.

H. C. LEVINSON, (LEO W. HOFFMAN, of counsel,) for appellee Blum.

ALLEN G. MILLS, for appellees Clark and Trainer.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

Appellant, Laura C. Voorhees, filed her bill, as complainant, in the superior court of Cook county, to enjoin Harry H. Blum and others from constructing a flat or apartment building on premises adjoining a lot owned by her in the city of Chicago, in alleged violation of building restriction covenants in the deeds of conveyance under which the respective parties held title to the said lots. The defendants demurred to the bill and the lower court sustained the demurrer. Appellant elected to stand by her bill, and it was dismissed for want of equity. She perfected this appeal.

The assignments of error raise the question of the sufficiency of the allegations of the bill. From the bill it appears that by deed dated June 30, 1911, Wallace G. Clark and J. Milton Trainer, who were also made defendants, conveyed to appellant the east 42 feet of lot 8 and the west 3 feet of lot 7 in Clark & Trainer's subdivision of certain lots in the city of Chicago. Said premises so conveyed to appellant have a frontage of 45 feet on the north side of Hyde Park boulevard and extend north from said boulevard 207.64 feet. Among other provisions in the deed to appellant is the following: "As a further consideration of this conveyance the grantee herein agrees that she will not, and her heirs and assigns shall not, build or suffer to be built upon the south 150 feet of the said above described property any building or structure except a single detached dwelling house, to cost not less than ten thousand ($10,000) dollars." The deed further provided: "The said grantors agree with the said Laura C. Voorhees, as the owners of the east 50 feet of lot seven (7) and the west 36 feet of lot six (6) in Clark & Trainer's subdivision aforesaid, that they will not, and their heirs and assigns shall not, build or suffer to be built upon the south 150 feet of said east

53 feet of lot seven (7) and the west 36 feet of lot six (6) any building or structure except two detached dwelling houses, to cost not less than ten thousand ($10,000) dollars each." July 2, 1915, said Clark and Trainer conveyed to the appellee Levinson a part of lot 6 and the remainder of lot 7, being the premises immediately adjoining and east of those conveyed to appellant, as above set out, the deed containing a covenant similar to the one first above set out.

It is claimed on behalf of appellees Clark and Trainer that the bill will not lie against them in any event, as it was expected that they would sell and convey to purchasers lots in the subdivision, and having inserted the restrictive covenants in the deed to such purchasers and having parted with title to the lots conveyed to them, they have done all that they could be expected to do and they cannot be enjoined. In the view we take of this case it is not necessary to consider this separate contention made on the behalf of Clark and Trainer. The main, and in fact the only, question is whether the restrictive covenants will prevent appellees Levinson and Blum from erecting a flat-building on the lot conveyed to Levinson. This question has heretofore been decided adversely to appellant in the case of *Hutchinson v. Ulrich,* 145 Ill. 336. In that case it was squarely held that a covenant in a deed which provided that the grantee in said deed should erect only a single dwelling on each lot conveyed by said deed did not prohibit the erection of a flat or apartment building.

It is practically conceded that the case of *Hutchinson v. Ulrich, supra,* would be decisive of the issues raised in this case except for an allegation in the bill that there have been for about fifteen years last past two general classes of buildings in the city of Chicago used for residence purposes, viz., (1) dwelling houses or residences, and (2) flat-buildings or apartment buildings, and that each of said terms,—that is, each of said two classes of terms,—has long since, and for said period of at least fifteen years last past, had a definite

and distinct significance as distinguished from the other in the real estate trade of the city of Chicago and in common and every-day life and intercourse of the people at large of said city, and that by a current and unbroken, invariable and unvarying custom for the period last aforesaid the term "dwelling house" or "residence" has indicated a private dwelling constructed for the use of one family, and the term "flat" or "apartment" has indicated a dwelling apartment in a building constructed for the use of more than one family. There is no allegation in the bill that the words "dwelling house," "residence," "flat-building" and "apartment building" have any other or different meaning in the city of Chicago from the meaning the same words have at any other place in this State, nor do we think that such a claim could be made. These terms are now, and for more than fifteen years have been, in general and common use and are generally understood, and so far as we are advised have always had the same meaning everywhere. It was pointed out in the case of *Hutchinson* v. *Ulrich, supra,* that at the time the deed was executed which was construed in that case, "flats or apartment houses where several families could reside were common in Chicago. Such buildings had been erected and were then in use within a short distance of these lots,"—the lots in controversy in that case.

It is not claimed, and cannot be claimed, that the term "flat" or "apartment house," as used in the pleadings in this case, has any different or other meaning from what it had when the opinion in *Hutchinson* v. *Ulrich* was announced, and that was in 1893. In that case, in determining whether evidence outside the deed itself could be received to show the meaning of such term, the court said, on page 342 of the opinion: "On the hearing a large number of affidavits of architects, real estate men and loaners of money on real estate were presented by the respective parties for the purpose of showing the meaning, in the city of Chicago, of the words contained in the deed. These affidavits were ex-

cluded by the court, and we fully concur with the circuit court in its decision. The words 'only a single dwelling' are not words of art, nor does it appear that there is any usage or custom in Chicago under which such words have a local meaning in Chicago, and hence we are aware of no rule under which witnesses could give their opinions whether a flat could be included within the words used or not. The intention of the parties must be determined from the language of the deed itself, considered in connection with the surrounding circumstances at the time the deed was executed. Only a single dwelling is to be constructed or placed upon each 50-foot lot. Does the word 'single' apply to the building or the use which should be made of the building when constructed? The question is one which is not entirely free from doubt, but we are inclined to the opinion that the word 'single' referred to the structure. The word 'single' signified one building."

We think the words "flat," "apartment" and "dwelling house" have the same meaning now that they had when the opinion in *Hutchinson* v. *Ulrich, supra,* was written. Where the language of the instrument has a settled legal meaning its construction is not open to oral evidence. (*Morton* v. *Babb,* 251 Ill. 490; *Butterfield* v. *Sawyer,* 187 id. 598; *Fowler* v. *Black,* 136 id. 363.) The decision in *Hutchinson* v. *Ulrich, supra,* has been consistently followed by this court since it was first announced, and has been cited with approval not only by the courts of this State but of other jurisdictions and has become a settled rule of real property in Illinois. There are cases in which a contrary doctrine is announced, but in our opinion the great weight of authority is in accordance with the views expressed in *Hutchinson* v. *Ulrich, supra. McMurtry* v. *Phillips Investment Co.* (Ky.) 40 L. R. A. 489; *Reformed P. D. Church* v. *Building Co.* 214 N. Y. 268; *Johnson* v. *Jones,* 244 Pa. 386; *Hays* v. *St. Paul M. E. Church,* 196 Ill. 633; *Cochran* v. *Bailey,* 271 id. 145.

Another rule that must be taken into consideration is, that limitations and restrictions upon the use of property are not favored. Where the intent is clearly manifested such restrictions will be enforced by the courts, but as a general rule all doubts are to be resolved against them. *Hays* v. *St. Paul M. E. Church, supra; Eckhart* v. *Irons,* 128 Ill. 568; *Loomis* v. *Collins,* 272 id. 221.

Much has been said by counsel for the appellant about the undesirability of flats as compared with dwellings for single families. We are forced to believe from his argument that much would depend upon the particular flat or dwelling which would be built in each individual case. There is no inflexible rule for the designing and building of either flats or single residences and there are all kinds and varieties of each. All would depend upon the individual case. Conceding, however, that flat-buildings are undesirable from any point of view, it would have been an easy matter, had the parties intended and desired to prohibit the erection of flat-buildings, to insert a clause in the deeds positively prohibiting the erection of a flat or apartment building within the subdivision. In the recent case of *Loomis* v. *Collins, supra,* we had under consideration, among other things, the following provision in a deed: "It is understood and agreed as a part of the consideration above expressed that no flat-building or apartment house, or any building other than a private dwelling house such as is usually designed and built for the use and occupancy of a single family, shall for a period of twenty-five years from May 1, 1906, be constructed or placed on said premises."

In view of the meaning of the language employed in the restrictive covenants relied on by appellant in the deeds in question, as such language has been construed by this court, on which construction appellees as well as appellant had a right to rely, we must hold that appellees are not prohibited thereby from erecting a flat-building.

The judgment of the superior court will be affirmed.

*Judgment affirmed.*