(No. 11069.—Cause transferred.)

FRED SCHMIDT *et al.* Appellants, *vs.* EDWARD SCHMIDT, Appellee.

*Opinion filed February 21, 1917.*

1. FREEHOLD—*the right to a charge on land is a mere lien and not a freehold interest.* The right to a charge on land is a mere lien and not a freehold interest, and where the only assignment of error argued in the Supreme Court is that the trial court erred in decreeing that a certain bequest was a charge upon the real estate of the deceased no freehold is involved on appeal.

2. SAME—*freehold must be involved in the points assigned for error on appeal to Supreme Court.* Even though a freehold is involved in the original judgment or decree, yet if it is not embraced in the points assigned for error the appeal should be taken to the Appellate Court.

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

ISIDOR PLOTKE, for appellants.

FELIX J. GRIFFEN, (ALONZO M. GRIFFEN, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Fred Schmidt, Herman Schmidt, Emma Irion, August Schmidt,. William Schmidt, Martha Blume, Lena Buchart and Louisa Heimsart, appellants, filed a bill in the superior court of Cook county to partition about forty acres of land owned by their father, Herman Schmidt, who died testate December 15, 1912, and for the construction of clauses 2 and 4 of the last will and testament of the deceased. Edward Schmidt, appellee, was made a defendant, both individually and as executor of the will. It was alleged in the bill that all of said complainants and the defendant were tenants in common and each entitled to a one-ninth interest in said land; that the defendant, Edward Schmidt, claimed

a greater interest in said estate than complainants, in that the $6000 bequest made by clause 2 of the will was a charge against said real estate. Appellee answered the bill and also filed a cross-bill, in which he alleged that by reason of said will he was entitled to a lien on said real estate to the amount of the $6000 bequest so made to him. It was further alleged in the cross-bill that the testator was possessed of only a very small amount of personal property at the time of his death and that claims amounting to $1243.03 had been allowed by the probate court against his estate, and that said personal property is insufficient to pay said claims and the bequest to appellee. Issues were joined on the original bill and cross-bill. The cause was heard by the court and a decree rendered finding that the personal estate was insufficient to pay the claims allowed and the bequest to appellee and that said bequest became a lien on the real estate. Partition was granted as prayed, subject to said lien, and this appeal followed.

While a freehold was involved in the original decree for partition, the only assignment of error argued in this court is that the court erred in decreeing that the bequest of $6000 to appellee was a charge upon the real estate by the provisions of the will. All other assignments of error are therefore waived. The right to a charge on land is a mere lien and not a freehold interest. (*Becker* v. *Fink,* 273 Ill. 560.) No question of freehold is therefore involved in the point assigned for error. Where a freehold is involved in the original judgment or decree but not in the point assigned for error the appeal should be taken to the Appellate Court. *Prouty* v. *Moss,* 188 Ill. 84; *Rhodes* v. *Rhodes,* 172 id. 187.

The cause is transferred to the Appellate Court for the First District.        *Cause transferred.*