(No. 11186.—Cause transferred.)
WARREN S. LEE, Appellee, *vs.* WILLIAM D. BOYD *et al.*— (MIKE KENNEDY, Appellant.)

*Opinion filed June 21, 1917.*

FREEHOLD—*when a freehold is not involved on appeal by purchaser of interest in contract for sale of land.* Where one of two parties who have contracted to purchase land from a third party apparently abandons the contract by leaving the country, after which a deed is made to the remaining purchaser, a freehold is not involved on an appeal by a purchaser of the absent party's interest in the contract from a decree in a proceeding by the grantee to cancel a recorded copy of the contract as a cloud upon his title, where the appellant filed no cross-bill for specific performance and claims no interest in the land except through the contract, which he has made no offer to comply with.

APPEAL from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding.

A. G. KENNEDY, for appellant.

PEFFERS & WING, and MURPHY & LYON, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The object of the bill in this case, filed by Warren S. Lee, appellee, at the November term, 1912, of the Kane county circuit court, against William D. Boyd, John Barrickman, Mike Kennedy and others, was to remove clouds

from the title of appellee to certain of his lands and to cancel a certain contract concerning said premises.

The material facts disclosed by the record are, that on September 8, 1911, George L. Sharp was the owner of a farm situated near Kaneville, in Kane county. Appellee was a farmer, living near Kaneville. John Barrickman lived in DeKalb and was in the employ of Strauss Bros., of Red River Falls, Minnesota, as a real estate salesman, engaged in buying and selling real estate in various States. On that date a written contract was entered into between Sharp as one party and appellee and Barrickman as the other parties to the agreement, by which Sharp agreed to sell appellee and Barrickman his farm for $19,500. The contract provided that Sharp should furnish an abstract of title which should be examined by J. C. Murphy, an attorney, and if the title was found to be merchantable by Murphy the sale of the farm should be consummated by Sharp giving a warranty deed to the same to appellee and Barrickman. It further provided that if the title was not found merchantable the attorney should take the necessary steps to correct the title. The purchase price was to be paid $1000 in cash and a mortgage on the premises for $18,500, with interest from March 1, 1912, at which time the contract provided the deal should be closed and the possession of the farm given. The contract was under seal, and $1000 was fixed thereby as liquidated damages for failure of either party to perform it. During the fall of 1911 Barrickman went to Canada and has since resided there. Afterwards he filed his copy of the contract of record in Kane county. The land was not sold as contemplated by the appellee and Barrickman when the contract was entered into, and on March 1, 1912, appellee and Sharp completed the contract by Sharp conveying the land to appellee. Appellant, Mike Kennedy, purchased Barrickman's interest under the contract. In the trial court Kennedy, who is the

only party to the bill now questioning the decree, answered
the bill, simply denying the right of appellee to have the
contract canceled and set aside. He filed no cross-bill for
specific performance and claimed no interest in the land
except through said contract and made no offer to comply
with the terms of the contract. Appellee contended that
Barrickman abandoned the contract and that appellant pur-
chased no interest in the farm, as Barrickman had no inter-
est at the time of its assignment. The sole question for
determination on this appeal is whether Barrickman's state-
ments and conduct show an abandonment of the contract
on his part.

This court has no jurisdiction of this appeal as no free-
hold is involved or other question conferring jurisdiction.
A decree in this case does not result in one party gaining
and the other losing a freehold estate. If it should be held
that Barrickman never abandoned the contract the appellant
would only be entitled to a conveyance upon performance
on his part. No assignment of error raises any question
of freehold. No question of freehold was contested or ad-
judicated in the trial court and therefore none can be in-
volved in this appeal. The decree having found the contract
to have been abandoned, appellee's title is not disturbed. If
the court had found the contract not to have been aban-
doned and still binding and had dismissed appellee's bill
as to appellant, appellee would still have retained the free-
hold conveyed to him by Sharp. *Kesner* v. *Miesch*, 204
Ill. 320; *Harmening* v. *Hawley*, 276 id. 621; *Payne* v.
*White*, 207 id. 562.

This court has no jurisdiction of this appeal, and the
cause is transferred to the Appellate Court for the Second
District.                              *Cause transferred.*