DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1920.

---

### Ole L. Nielsen, Appellee, v. Maude C. Gail, Administratrix, Appellant.

### Gen. No. 6,632.

1. EQUITY, § 537*—*when motion to vacate decree properly denied.* Where a motion to vacate a decree for complainant and dismiss the bill or re-refer the cause to take further proofs to be offered by defendant does not state sufficient grounds for setting aside the decree and the additional proof which defendant desires taken is not set out in the motion nor in defendant's affidavit in connection therewith, the motion is properly denied.

2. SPECIFIC PERFORMANCE, § 77*—*when ability and willingness to perform sufficiently averred.* The averment in a bill for the specific performance of a contract for the sale of an interest in land that complainant is ready and willing and offered to perform said agreement on his part and to pay the residue of the purchase money to the defendant who might be decreed entitled thereto is substantially, if not technically, a compliance with the requirement as to averring that complainant aver that he is ready, willing and able to perform.

3. EQUITY, § 291*—*what defects in bill waived by answer.* The right to question the legal sufficiency of the averment in a bill for specific performance that complainant is ready, able and willing to perform is waived by filing an answer to the bill.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(190)

Nielsen v. Gail, 217 Ill. App. 190.

4. SPECIFIC PERFORMANCE, § 93*—*when decree may require accounting for rents and profits.* On a bill for specific performance of a contract for the sale of an interest in real estate, where, under the contract, complainant has the right to one-half of all of the profits arising from the income of the property and there is nothing therein precluding the application of the net amount of rents to which he is entitled to the payment of any balance due from him on the purchase money, the decree for complainant may properly require an accounting to be had of the rents and profits.

5. SPECIFIC PERFORMANCE, § 29*—*when complainant not deemed to have abandoned rights under contract.* On a bill for specific performance of a contract for the sale of an interest in realty, the fact that complainant stated to one of the defendants who had purchased the property from the other defendant that he was willing to take the amount which he, complainant, claimed to have put into the property and forego his rights under the contract, is not sufficient to show that complainant abandoned his rights under contract and led such defendant to believe that he did not intend to enforce it, where the evidence also shows that such defendant never manifested any disposition to pay the amount and settle the controversy, and that complainant energetically continued and persisted in his efforts to maintain his rights.

6. EXECUTORS AND ADMINISTRATORS, § 70*—*status of surplus on mortgage foreclosure sale.* The surplus remaining of the purchase money paid by the purchaser of real estate on foreclosure is not impressed with the character of real property but is personal property belonging to the owner of the foreclosed property, and becomes, upon his death, a part of his personal estate and passes to his personal representative, and it is not necessary, therefore, to make such owner's heirs parties to a proceeding to reach such balance.

7. EQUITY, § 435*—*how accounting before master may be questioned.* To question, in either the circuit or Appellate Court, the correctness of an accounting had before a master, the party objecting should file specific objections to the master's report, calling attention to the particular items claimed to have been improperly allowed or disallowed, general objections to the master's conclusions and the result of the accounting being insufficient.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed March 9, 1920.

DAVID H. JACKSON, for appellant; ERNEST L. GAIL, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

COOKE, POPE & POPE, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

In this case, we filed an opinion, at the last April term and afterwards granted a rehearing to re-examine some of the questions involved in the controversy. We have not reached any different conclusions however, either as to the facts shown by the record, or the law applicable to them.

The proof shows that Ole L. Nielsen, the appellee, on the 19th of March, 1912, entered into a written contract with Gustav D. Carlson and Ida Carlson his wife, by the terms of which he became the purchaser of an undivided half interest in two lots in the City of Highwood, which are described in the contract, and for which he was to pay to Carlson the sum of $750; $400 was to be paid in cash, and the balance in one year after the date of the contract. This contract of purchase however was made subject to a trust deed, which was a lien upon the lots, and which Carlson had given to secure the payment of $1,250. The contract also provided that the appellee should pay 6 per cent interest on the unpaid balance, and was to assume and pay half of the mortgage incumbrance on the property, and to pay one-half of the taxes and expenses on the property. There was a building on the lots from which rents accrued at the time the appellee purchased his interest, and the agreement provided that the appellee should be entitled to one-half of the profits arising from the property. After the execution of the contract in question, Carlson remained in possession of the premises and collected the rents. After November 1, 1913, the appellee and Carlson had a settlement of their accounts, and it was agreed between them that the appellee was entitled to be credited with the sum of $625 as paid upon the purchase price; afterwards on February 18, 1914, the

contract of purchase, together with a statement of this settlement of their accounts written thereon, was recorded. Thereafter on March 6, 1914, the Carlsons by warranty deed conveyed the premises in question to one Thomas H. Gail, who then took possession of the property, and collected the rents and profits arising therefrom until the commencement of this suit, and thereafter. After the conveyance of the property to Gail, the appellee demanded from Gail a recognition by Gail of his right and interest in the premises under his contract with the Carlsons, but Gail refused to concede any rights to the appellee, and denied that he had the interest of the property which appellee claimed. Thereupon, on the 25th day of September, 1914, appellee filed a bill in equity against Gustav D. Carlson and Ida Carlson, and Thomas H. Gail, setting forth in the bill his contract of purchase entered into with the Carlsons, the amount claimed to have been paid thereon by him, and his readiness and willingness to perform his part of the agreement, to repay the amount remaining unpaid under the contract; and also setting out the complication in the title brought about by the conveyance of the premises by the Carlsons to Gail; and that Gail refused to recognize appellee's rights under the Carlson contract, and had refused to make any deed to the appellee for a half interest; but Gail had insisted that appellee was only entitled to a one-third interest in the property, also that the appellee was unable to determine who was entitled to the balance due on the purchase price agreed to be paid by him, whether the same should be paid to Carlson or to Gail, because Carlson was claiming that the deed to Gail for the premises in question was obtained from him by fraud and circumvention. Thomas H. Gail filed a demurrer to the bill; the demurrer was overruled, and he thereupon filed his answer. Gustav Carlson and Ida Carlson also filed a cross-bill directed

principally against Thomas H. Gail. The cross-bill is of no importance in the consideration of the questions involved in this controversy. A replication was filed to the answers, and the cause was referred to the master. Afterwards on July 28, 1915, the appellee filed a supplemental bill, setting forth the matter of the collection of rents and profits from the premises by Carlson and Gail, and asking for an accounting, also alleging that since the filing of the original bill the trust deed, subject to which the appellee had purchased, had been foreclosed by decree of court, and a master's sale had been made thereunder; and that the sale resulted in satisfying the amount due under the trust deed, and had left a balance of $620.05, which balance had been brought into court by the master, and was in the hands of the clerk of the court for distribution among the parties in interest. Under the averments of this supplemental bill the complainant sought the appointment of a receiver, which however was denied by the court. Afterwards on October 8, 1915, the special master to whom the original bill was referred made a report finding the issues raised by the original bill in favor of the appellee, and that the appellee was entitled to a one-half interest in the property under his contract of purchase. Objections and exceptions were filed to the master's report, which were overruled, and a decree entered in conformity with the report; but afterwards, at the same term, this decree was set aside and vacated. Appellee thereupon obtained leave to file an amended bill, and an amended bill was filed, which includes substantially all the averments of both the original and supplemental bills, and prays for specific performance and an accounting of the rents and profits of the premises. A demurrer was filed by Thomas H. Gail to the amended bill, but the demurrer was overruled, and the court thereupon granted him leave to file an answer, which was done. The case, including the matters of accounting, was

again referred to the special master, and he filed his report December 13, 1915. On January 29, 1917, the death of Thomas H. Gail was suggested and afterwards on motion of the appellee, Maude C. Gail, as administratrix of the estate of Thomas H. Gail, deceased, was made a party defendant. The Maude C. Gail as administratrix appeared and filed her answer to the amended bill. Thereafter on the 8th day of May, 1918, the cause came on for hearing upon the report of the special master, and upon the proofs taken by him, to which exceptions had been filed. The exceptions to the master's report were overruled and the report approved and confirmed. The court finds, in the decree, the facts to be substantially as alleged in the original and amended bills filed, and the appellee is entitled to specific performance, and to an accounting of the rents and profits of the premises in question; and that it appears from such accounting that the balance due from the appellee for the purchase price of the premises has been fully paid by his share of the rents and profits; and that there was a balance of $45.54 due him from Thomas H. Gail; and that appellee made no claim to said balance and he had waived his right thereto; that since the filing of the original bill the premises had been sold under foreclosure of the mortgage subject to which the appellee purchased, and that a surplus of $620.05 arising from said foreclosure sale had been paid into court by the master, and had remained in the hands of the clerk; but that Thomas H. Gail had claimed and withdrawn one-half of said surplus, and appropriated the same; and that the other half, amounting to $310.03, rightfully belonged to the appellee; and the decree directs the clerk to pay the same to him. The decree also directs that the appellee pay the costs of the proceeding. From this decree the appellant, Maude C. Gail, as administratrix of the estate of Thomas H. Gail, is prosecuting an appeal to this court.

The appellant also made a motion to vacate the decree and dismiss the bill of complaint, or refer the cause to the master in chancery, to take further proofs in said cause, to be offered by her, which motion was denied. No sufficient grounds are stated for granting the motion or setting aside the decree, or for a reference of the cause, to take additional proof for the appellant the additional proof which the appellant desired to have taken on the re-reference is not set out in the motion, nor in the affidavit made by the appellant in connection with the motion. The motion was therefore properly denied.

As a ground for a reversal of the decree, appellant argues that it does not appear from the allegations of the original bill of complaint that the complainant had performed his part of the contract, nor that he was ready, willing and able to perform the same. An examination of the bill, however, discloses that there is an averment in the bill to the effect that the appellee averred that he was ready and willing and offered to perform the said agreement on his part, and to pay the residue of the purchase money to the defendant who might be decreed to be entitled thereto. This was a substantial compliance with the legal requirements in that regard; but even if it were not technically sufficient, the appellant by filing her answer waived her right to question the legal sufficiency of the bill on that point. *Kesner v. Miesch*, 204 Ill. 320.

It is also contended that the court erred in requiring an accounting to be had of the rents and profits. Under the contract, the appellant had the right to one-half of all profits arising from the income of the property, which would mean one-half of the rents after deducting the expenses and taxes of the property for which the appellee was liable to pay his half. There is nothing in the contract which precludes the application of the net amount of rents to which the appellee

was entitled, to the payment of any balance due on the purchase money. The accounting was therefore directly pertinent for a determination of the question of how much, if anything, was due from the appellee on the purchase money; and was germane to the general purpose and scope of the bill of complaint. It is also contended that appellee abandoned his contract, and led Gail to think that he did not intend to enforce it, and for that reason was not entitled to the relief prayed for. It is true the evidence shows that he told Gail he was willing to take $625, that being the amount which he claimed to have put into the property, and to forego his rights under the contract; but the proof also shows that Gail never manifested any disposition to pay this amount and settle the controversy. This feature in the case cannot be regarded as an abandonment by the appellee of his rights. On the contrary it appears that the appellee made energetic, continued and persistent efforts to maintain his rights, and there is nothing in his conduct or statements to Gail which could be reasonably construed to mean that he intended to abandon those rights, or his interest in the property. It is also argued that the surplus remaining from the foreclosure sale was impressed with the character of real property, and that therefore the heir of Thomas H. Gail, as well as the administratrix, should have been made a party to the suit in order to give the court jurisdiction to dispose of it. This contention cannot be sustained. The surplus, which was merely the balance remaining of the purchase money, paid by the purchaser at the foreclosure sale distinctly had the character of personal property; it belonged to the owner or owners of the property which had been sold in foreclosure; and became upon the death of the owner a part of the personal estate of the deceased owner, and payable to his administrator. The proof shows that the appellee at the time of the foreclosure sale was

the equitable owner of one-half of the real estate in question, and that he was entitled to a deed for the same at that time; and that Gail was the owner of the other half. Gail had taken his one-half of the surplus prior to his death, and equitably the appellee was entitled to the other half; and the court properly decreed that the same should be paid to him. We find no error in the proceedings which would warrant a reversal of this decree; and under the pleadings and evidence it works out substantial justice between the parties. In appellant's petition for rehearing, and in the briefs filed by her counsel, the correctness of the accounting had before the master is attacked. But, in order to raise a question for review either in the circuit or in this court, it is necessary that the party objecting to the correctness of an acounting should file specific objections to the master's report calling attention to the particular items which it is claimed were improperly allowed or disallowed by the master. *Snell v. DeLand,* 136 Ill. 533. In this case only general objections were filed to the conclusions of the master, and to the results of the accounting. It is apparent, therefore, that the appellant is not in position to have the details of the accounting reviewed, having made her specific objections for the first time in this court.

The decree is affirmed.

*Decree affirmed.*