(No. 19149.—

ALBERT REINHARDT *et al. vs.* MARTIN MATHESON *et al.*— (THE CHICAGO TITLE AND TRUST COMPANY, Trustee, Appellee, *vs.* ALBERT REINHARDT *et al.* Appellants.)

*Opinion filed December 20, 1928.*

EDWARD J. KELLEY, for appellants.

LYLE L. RICHMOND, and FREDERICK W. JANSON, for appellee.

Mr. Justice Dunn delivered the opinion of the court:

This appeal should have been taken to the Appellate Court. The bill was filed in the superior court of Cook county by Albert Reinhardt and Leonhard Jay against Martin Matheson, J. B. Cook, Cook & Matheson, the Chicago Title and Trust Company, trustee, and others, praying for the cancellation of a contract whereby Cook & Matheson undertook, for a consideration of $27,000, to cause the title to certain real estate in DuPage county to be conveyed by the Chicago Title and Trust Company, trustee, to Albert Reinhardt because of fraud and false representations made by Cook & Matheson to Reinhardt in procuring it to be entered into, and the return of so much of the consideration as had been paid. Reinhardt, with the consent of Cook & Matheson, had assigned the contract to Leonhard Jay. The Chicago Title and Trust Company, which held the legal title to the property, filed a cross-bill, averring a declaration of forfeiture of the contract for failure to pay installments due, and that Reinhardt and Jay had caused to be filed for record in the office of the recorder of DuPage county an affidavit setting forth the execution of the contract and their intention to commence proceedings to rescind and cancel it. The relief prayed by the cross-bill was that the affidavit be declared null and void and removed as a cloud upon the cross-complainant's title. A demurrer to the cross-bill was overruled, and the cross-defendants electing to stand by their demurrer, a decree was entered granting the relief prayed for in the cross-bill. The cross-defendants have appealed.

No freehold is involved. (*Kesner* v. *Miesch,* 204 Ill. 320; *Irwin* v. *Manley,* 276 id. 353; *Lee* v. *Boyd,* 279 id. 345.) There is no other ground of jurisdiction in this court.

The cause will be transferred to the Appellate Court for the First District.                *Cause transferred.*