(No. 18774.

VENETA H. McBEATH, Appellee, *vs.* ELIZABETH McBEATH *et al.* Appellants.

*Opinion filed February 20, 1929.*

FOLLANSBEE, SHOREY & SCHUPP, (MITCHELL D. FOLLANSBEE, and PAUL D. MILLER, of counsel,) for appellants.

JUUL & BOTH, (ALANSON C. NOBLE, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

John McBeath died intestate, seized of an undivided interest in certain real estate in Cook county. He left him surviving no children or descendants of children, but left the appellee, Veneta H. McBeath, his widow, and George McBeath and William McBeath, his brothers, and Elizabeth McBeath and Mary McBeath Hill, his sisters, as his only heirs-at-law. Thereafter appellee filed her bill in chancery in the circuit court of Cook county against the above named brothers and sisters of John McBeath, praying for the partition of the undivided interest of which he died seized in four parcels of land described in the bill and for an accounting as to rents. The bill set forth the fractional interest of each of the parties in the real estate. Answers were filed, in which it was alleged that none of the parties had any interest in parcel 1 and admitting the interest of the parties as to the other parcels substantially as set up in the bill. During the pendency of the suit George McBeath died testate, leaving Emma McBeath, his widow, who was testatrix of his will, and George G. McBeath, his only heirs-at-law and devisees under his will. The bill was amended to show these facts, and the persons last named were made parties defendant and they filed answers to the amended bill. Issues having been joined, the cause was referred to a master in chancery to take evidence and ascertain and determine the interests of the various parties in the real estate described in the bill, and "for this purpose only." Evidence was heard by the master in chancery, his report thereon made, and after objections and exceptions thereto had been overruled a decree was entered thereon finding the interests of the respective parties in parcels 2, 3 and 4 described in the bill and that none of the parties had any interest in

parcel 1. The decree ordered that partition be made and appointed commissioners to make the same and to make appraisal and report thereof in case partition could not be made. From this decree Elizabeth McBeath, Matthew Mc-Beath and Mary McBeath Hill prayed and perfected the appeal which is now before this court.

The appellants in their brief say: "The heirship of all parties involved and the fractional undivided interest in fee in the property described in the bill as parcels 2, 3 and 4 (denoted, respectively, parcels 1, 2 and 3 by decree,) of Veneta H. McBeath, complainant, Emma McBeath, William McBeath and of the appellants are admittedly as set forth in the decree." The questions raised on this appeal do not affect the rights of any of the parties in or to the real estate in question but relate to matters of procedure and to findings in the decree with reference to matters which do not affect any freehold interest.

The first question to be determined is whether or not a freehold is so involved in this appeal as to give this court jurisdiction on that ground. It is not from every judgment or decree in cases in which a freehold is involved in the circuit court that an appeal will lie directly to this court, (*Coal Creek Drainage District* v. *Sanitary District,* 328 Ill. 360,) and where the only assignment of error argued in this court is one not involving a freehold, no freehold is involved and this court has no jurisdiction of the appeal. (*Schmidt* v. *Schmidt,* 277 Ill. 191.) While a freehold was involved in the circuit court, no question involving a freehold is now before this court for determination, and as no other grounds for jurisdiction in this court appear in the record, the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*