(No. 29861.—

E. F. HORNER, Appellant, *vs.* THE COUNTY OF WINNEBAGO *et al.,* Appellees.

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

John R. Snively, of Rockford, for appellant.

Max A. Weston, State's Attorney, and Robert R. Canfield, both of Rockford, for appellees.

Mr. Justice Wilson delivered the opinion of the court:

August 3, 1945, the plaintiff, E. F. Horner, brought an action in the circuit court of Winnebago county against the defendants, the county of Winnebago and A. R. Carter, to recover damages of $25,000 for trespass to real property. Each of the five counts of the complaint alleges a trespass by defendants in the year 1930, and thereafter for fifteen years, upon real property owned by plaintiff in the town of Roscoe. The property is described as a parcel fifty feet in width along its southerly side, fronting upon a highway known as River street and, also, as State Aid Route 16. Additional allegations are that, prior to 1930, the highway had been used by the public and in existence for more than sixty years; that, in 1930, defendants changed or altered the direction or course of the thoroughfare in such manner that it, or a part thereof, passed over, across and upon plaintiff's property; that, in so doing, defendants committed a trespass and, further, that they have used and maintained plaintiff's land as a part of the altered public street or highway without his consent and without instituting any proceedings so to do. Defendants interposed a verified motion to dismiss upon the grounds, among others, that plaintiff's action was barred by the Statute of Limitations; that an earlier action was *res judicata* of the present cause of action and, further, it had been adjudi-

cated in a second action that, for more than five years prior to the day the complaint was filed, plaintiff had not been the owner of the land adjoining the highway. The affidavit of an assistant State's Attorney, attached to and incorporated in the motion to dismiss, avers that the issue determined in an earlier action (E. F. Horner v. County of Winnebago) brought by plaintiff against the county of Winnebago in the circuit court is the identical issue involved in the present cause. By a second affidavit, it is averred that another earlier cause in the circuit court, captioned Second National Bank of Beloit, Wisconsin v. E. F. Horner, appears to be an action to foreclose upon the land which plaintiff charges adjoins the roadways constructed by the county; that the strip of land in issue in this cause appears to be the same area in issue in E. F. Horner v. County of Winnebago, and that, by virtue of the foreclosure decree and the master's deed subsequently issued, plaintiff has not been the owner of the land contiguous to the roadway in controversy for more than five years prior to initiating this action. On June 28, 1946, approximately ten months after defendants' motion to dismiss was filed, and without having obtained the permission of the court, plaintiff's attorney filed a counteraffidavit, denying the material averments of defendants' motion and supporting affidavits. The motion to dismiss was allowed and the cause dismissed. Accordingly, judgment was rendered in favor of defendants and against plaintiff. A direct appeal is prosecuted on the assumption that a freehold is necessarily involved.

To give this court jurisdiction of a direct appeal on the theory that a freehold is involved, the necessary result of the judgment or decree must be that one party gains and the other loses a freehold estate, or the title to a freehold is so put in issue that the determination of the cause necessarily requires a decision with respect to the ownership of the real estate in controversy. (*Carlson* v. *Chicago Title*

*and Trust Co.* 375 Ill. 125; *Jones* v. *Sanitary Dist.* 252 Ill. 591.) Again, a freehold is not involved, within the contemplation of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1945, chap. 110, par. 199,) unless the freehold is directly, rather than collaterally, contingently, or incidentally, involved. (*Swinson* v. *Sodaman,* 369 Ill. 442.) In particular, a freehold is not involved where the title to real estate is not put in issue in any manner by the pleadings and there are no assignments of error touching the freehold. *Gits* v. *Ullrich,* 288 Ill. 527; *Kesner* v. *Miesch,* 204 Ill. 320.

By his complaint, plaintiff seeks a judgment for $25,000 against defendants. No other relief is sought. The title to a freehold was not put in issue by the pleadings. The principal issues presented for decision in the trial court and upon this appeal are whether the present action is barred by (1) a previous action which was *res judicata* and (2) the Statute of Limitations. The errors relied upon for reversal make no mention of a freehold. Where the alleged errors argued in this court do not involve a freehold, but relate to matters of procedure, or other matters, a freehold is not involved so as to give this court jurisdiction of the appeal. (*McBeath* v. *McBeath,* 334 Ill. 40; *Schmidt* v. *Schmidt,* 277 Ill. 191; *Douglas Park Building Ass'n* v. *Roberts,* 218 Ill. 454.) Plaintiff will not gain a freehold if the challenged judgment be reversed. Conversely, a reversal of the judgment will not result in the loss of a freehold by defendants. A freehold was not directly involved in the trial court, and is not involved in this court. *McDowell* v. *Jones,* 116 Ill. App. 13.

To support his contention that this court has jurisdiction of his appeal, plaintiff places reliance upon *Taylor* v. *Pierce,* 174 Ill. 9. In the case cited, the complaint sought a determination whether the property in controversy was a public highway and a restraining order against the commissioners of highway of a township in Iroquois county,

prohibiting them from removing fences or instituting further actions against the plaintiff until the rights of the public and herself in the strip of land described could be heard and determined. The issue of the existence or non-existence of the public highway involved a freehold. The issue made by the pleadings and urged upon review in *Taylor* v. *Pierce* is far from parallel with the issues in the present case.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*