(No. 30691.—

F. STANLEY LEVERICH *et al.,* Appellants, *vs.* ROBERT M. ROY *et al.,* Appellees.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

CARLETON A. SHULTS, of Aurora, (D. W. COCKFIELD, of counsel,) for appellants.

REID & OCHSENSCHLAGER, of Aurora, (FRANK R. REID, JR., of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

A complaint was filed in the circuit court of Kane County by F. Stanley Leverich and others against appellees, Robert M. Roy and Helen J. Roy, his wife, to enforce an alleged breach of a restrictive covenant in a deed of real property. The complaint was for an injunction to restrain a further breach, and a prayer for a mandatory order to remove the structures said to constitute the breach, and for damages. The circuit court dismissed the complaint for want of equity.

The covenant claimed to have been breached, among other things, contained the following: "That said premises or any buildings erected thereon shall not at any time be used for the purpose of any trade, business or manufacture, or as a school, hotel, place or public resort or charitable institution; that no building shall be erected on said premises except a private dwelling house and outbuildings thereof, and no building erected thereon shall at any time be used except for such purpose; that said premises or any part thereof shall never be sold to a person or persons of a race other than the Caucasion Race." The premises of appellees were improved by certain additions wholly within the building, so that what before had been occupied by one family was, after the improvement, occupied by two families.

Appellants claim the covenant forbidding the erection upon the lot of anything except "a private dwelling house and outbuildings" was limited to a dwelling house occupied by one family only, and that appellees have breached said covenant by leasing a part of said dwelling house to another family.

Appellants seek to come to this court by direct appeal. It must be apparent we have no jurisdiction. No ground for direct appeal set out in section 75 of the Civil Practice Act could possibly apply, with the possible exception that a freehold might be involved. The subject matter of

this suit is a breach of a covenant. The first words in the restriction designate it to be a covenant. A covenant is an agreement between the parties to do or not to do a particular act. (*Nowak* v. *Dombrowski,* 267 Ill. 103.) To give this court jurisdiction of a direct appeal on the theory a freehold is involved the necessary result of the judgment or decree must be that one party gains and the other loses a freehold estate, or the title to a freehold must be so put in issue that the determination of the cause necessarily requires a decision with respect to the ownership of the real estate in controversy. (*Horner* v. *County of Winnebago,* 396 Ill. 382; *Carlson* v. *Chicago Title and Trust Co.* 375 Ill. 125.) A freehold is not involved where the title to real estate is not put in issue in any manner by the pleadings, and where there is no assignment of errors touching the freehold. *Gits* v. *Ullrich,* 288 Ill. 527; *Horner* v. *County of Winnebago,* 396 Ill. 382.

In the instant case the plaintiffs are attempting to prevent the breach of a covenant and recover damages. No freehold is to be lost or gained. No claim to a freehold is mentioned in the grounds of appeal, nor is there anything in the pleadings which involves anything more than the construction of certain words in a restrictive covenant. Even though this covenant be regarded as a type of easement, yet it does not follow that a freehold arises from all easements. (*Burke* v. *Kleiman,* 355 Ill. 390.) No freehold is therefore involved; in consequence of which we have no jurisdiction.

As the result of appellants' failure to examine the first essential of an appeal, *viz.,* jurisdiction, another opinion must be written by another court, with the necessary delay occasioned thereby.

Because of the want of jurisdiction, this cause must be transferred to the Appellate Court for the Second District.

*Cause transferred.*