### F. Stanley Leverich et al., Appellants, v. Robert M. Roy and Helen J. Roy, Appellees.

### Gen. No. 10,351.

Opinion filed July 12, 1949. Released for publication August 1, 1949.

CARLETON A. SHULTS, of Aurora, for appellants; D. W. COCKFIELD, of Aurora, of counsel.

REID & OCHSENSCHLAGER, of Aurora, for appellees; FRANK R. REID, JR., of Aurora, of counsel.

MR. JUSTICE Dove delivered the opinion of the court.

F. Stanley Leverich and twenty-three other persons filed their complaint in the circuit court of Kane county

against Robert M. Roy and Helen J. Roy, seeking to enforce an alleged breach of a restrictive covenant in a deed to a tract of real property owned by defendants and for an injunction restraining the defendants from permitting or allowing the dwelling house, located upon the described tract in Lakeland, a subdivision of the city of Aurora, to be used or occupied by more than one family or to be used or occupied otherwise than as a one family private dwelling house. The complaint also prayed for a mandatory order to restore the said dwelling house located on said premises to a private dwelling house, for the use and occupation of one family only.

The defendants answered and denied that they had violated any of the covenants of the deed in question and denied that plaintiffs were entitled to the relief sought. Upon the hearing the chancellor dismissed the complaint for want of equity. Plaintiffs perfected their appeal directly to the Supreme Court on the ground that a freehold was involved. That court stated that the subject matter of this suit is a breach of a covenant and held that the only thing involved was the construction of certain words in a restrictive covenant and transferred the cause to this court. (*Leverich v. Roy*, 402 Ill. 71.)

The covenants in the deed claimed to have been breached are as follows:

"That the following covenants shall forever be a limitation upon the use or uses that shall be made of the above described real estate; that one dwelling house only, of the cost of at least $9000.00 shall be erected on the said premises; but one garage not to exceed a three automobile capacity may be erected for the dwelling house thereon; that the front line of any dwelling house to be erected on the said premises shall not be nearer to the street it fronts than the building line shown on the plat of the said addition heretofore

recorded in the Kane County, Illinois records; and no garage or other outbuilding shall be nearer to said street, than 100 feet; that the said premises or any buildings erected thereon shall not at any time be used for the purpose of any trade, business or manufacture, or as a school, hospital, hotel, place of public resort or charitable institution; that no building shall be erected on said premises except a private dwelling house and outbuildings thereof, and no building erected thereon shall at any time be used except for such purposes; that said premises or any part thereof shall never be sold to a person or persons of a race other than the Caucasian Race; that no sand or gravel shall at any time be excavated or dug out of said premises except for the purpose of building the foundation of buildings to be erected thereon, or improving the grounds thereof; that no more than one dwelling house shall be erected on said premises; that any owner of any adjoining real estate in the said addition shall have the right by injunction from a Chancery Court in Kane County, Illinois, to prevent any use of the said premises that shall not be in accordance with the covenants in this deed; that should any of the covenants in this deed be held by a court to be invalid, said holding shall not invalidate any other covenant herein.''

There is no controversy as to the facts or the pleadings. The only issue is whether the restrictions in the deed prohibited defendants from remodeling their home into premises which would accommodate two families. The evidence discloses that Lakeland is a high-class residential subdivision of the city of Aurora. The defendants own a lot and one-half of an adjoining lot in this subdivision and their premises are improved with a two-story brick colonial home which was occupied by one family prior to 1946. All the plaintiffs own property in this subdivision in the immediate vicinity of the property owned by the defendants and the property of two of the plaintiffs join defendants' premises at the rear while the property of the plaintiff

F. Stanley Leverich adjoins the premises of the defendants on the west side. Late in 1945, the defendants commenced the remodeling of their brick colonial home into a two apartment house or flat. In order to do the remodeling it was necessary that a bath, kitchen and dining room be installed on the second floor, and a bath on the first floor. A door was added in the stairway for privacy and on the outside rear stairs were added. The second floor was then rented as an apartment to another family while the defendants continued to occupy the first floor as their home. There are no other apartments or two family homes in the Lakeland subdivision. Two parties by the name of Graham and Anderson laid out the Lakeland subdivision in 1924 and all of the deeds from them contained restrictive covenants which are substantially the same as those in the deed involved in the instant case as heretofore set forth.

We are called upon to construe the words "one dwelling house" as appear in the first paragraph of the covenant. Also the words "a private dwelling house" as they appear in the second paragraph of the covenant, and the words "one dwelling house" as they appear in the third paragraph of the covenant. It is elementary that the entire language of the deed and covenant must be considered in construing any particular word or phrase therein. (*Shell Oil Co., Inc. v. Moore,* 382 Ill. 556; *Tallman v. Eastern Illinois & Peoria R. Co.,* 379 Ill. 441.) The plaintiffs contend that the words set out in quotation marks above and particularly the words "a private dwelling house" restrict the use of the defendants' property to one family only, while the defendants deny that the covenant should be so construed and assert that they were within their rights in remodeling their home in such a manner as to accommodate two families.

In *Hutchinson v. Ulrich,* 145 Ill. 336, the defendant sought to erect a four-story apartment building which the plaintiff contended violated the following provision

in the deed there in question: "It is understood and agreed, as a part of the consideration expressed above, that *only a single dwelling* is to be constructed or placed upon each fifty foot lot, and that no building shall be placed upon the east thirty feet of said premises." Plaintiff contended that the restriction "only a single dwelling" meant that the building should be occupied only by one family. In affirming the decree of the circuit court which dismissed the bill for want of equity, the Supreme Court said: (pp. 341, 342) "It is insisted by the complainants that the words in the deed from Hutchinson to Parrish, 'only a single dwelling' mean a dwelling house to be occupied by a single family. On the other hand, defendants claim that the words used in the deed mean only one dwelling house, which may be used by one family or more. The question, therefore, to be determined is one of construction, pure and simple; in other words, what the contracting parties intended by the use of the words incorporated in the deed. Where real property is conveyed in fee, restrictions in the use are not favored, but where the intention of the parties is clear in the creation of restrictions or limitations upon the use of a grantee, courts will enforce the same. But as is said in *Eckhart v. Irons,* 128 Ill. 568: 'If there is any doubt whether the restrictions were to cease then (at the end of fifteen years) or whether they were to be permanent, the existence of the doubt is to deny the existence of the easement or privilege. All doubts must be resolved in favor of natural rights, and against restrictions thereon. In this country real estate is an article of commerce, the uses to which it should be devoted are constantly changing as the business of the country increases, and as its new wants are developed; hence it is contrary to the well recognized business policy of the country to tie up real estate where the fee is conveyed, with restrictions and prohibitions as to its use, and hence, in the construction of deeds containing restric-

tions and prohibitions as to the use of property by a grantee, all doubts should as a general rule, be resolved in favor of a free use of property, and against restrictions.' ''

*Voorhees v. Blum,* 274 Ill. 319, was a proceeding to enjoin the construction of a flat building. In its opinion the court said (pp. 321–323) :

''The main, and in fact the only, question is whether the restrictive covenants will prevent appellees Levinson and Blum from erecting a flat-building on the lot conveyed to Levinson. This question has heretofore been decided adversely to appellant in the case of *Hutchinson v. Ulrich,* 145 Ill. 336. In that case it was squarely held that a covenant in a deed which provided that the grantee in said deed should erect only a single dwelling on each lot conveyed by said deed did not prohibit the erection of a flat or apartment building . . . . We think the words 'flat,' 'apartment,' and 'dwelling house' have the same meaning now that they had when the opinion in *Hutchinson v. Ulrich, supra,* was written. Where the language of the instrument has a settled legal meaning its construction is not open to oral evidence. (*Morton v. Babb,* 251 Ill. 490; *Butterfield v. Sawyer,* 187 id. 598; *Fowler v. Black,* 136 id. 363.) The decision in *Hutchinson v. Ulrich, supra,* has been consistently followed by this court since it was first announced, and has been cited with approval not only by the courts of this State but of other jurisdictions and has become a settled rule of real property in Illinois. There are cases in which a contrary doctrine is announced, but in our opinion the great weight of authority is in accordance with the views expressed in *Hutchinson v. Ulrich, supra. McMurtry v. Phillips Investment Co.* (Ky.), 40 L. R. A. 489; *Reformed P. D. Church v. Building Co.* 214 N. Y. 268; *Johnson v. Jones,* 244 Pa. 386; *Hays v. St. Paul M. E. Church,* 196 Ill. 633; *Cochran v. Bailey,* 271 id. 145.''

In the instant case the deed in two places used the words "one dwelling house" and in another place used the words "private dwelling house." Appellants insist that by the use of the words "private dwelling house" a much more restrictive meaning was intended than if the word "private" had been omitted. The word "private" was probably used, as suggested, in contrast to the word "public." If the construction contended for by appellants were intended, it would have been very easy to have said that the property was to be used as a one family residence only.

In the *Ulrich* case, *supra,* the language of the restriction was "a single dwelling" and in *Voorhees v. Blum, supra,* the language used was "single detached dwelling house." Here it is "one dwelling house" in two instances, "dwelling house" in several instances and "private dwelling house" in one instance. We cannot discern a sufficient difference between the restrictions "a single dwelling" or "single detached dwelling house" and "one dwelling house" or "dwelling house" to require the application of a different rule at law from that announced in the *Ulrich* and *Voorhees* cases, nor do we believe that the grantors in the deed here in question by using the words "private dwelling house" intended to restrict the occupancy to only one family.

In other jurisdictions there is authority to the contrary with reference to the meaning of the words "private dwelling house." This is especially true in Michigan, New York and New Jersey, where these words, when used as a restrictive covenant in a deed, are construed to mean a dwelling house used for the abode of one family, and a flat or an apartment designed as a residence for two or more families are not within that term. This is the construction which the appellants seek to have adopted here. In view, however, of the decisions of our own court of last resort we are of the opinion that the covenants in the deed

here involved must be construed so as not to prevent the home of appellees from being occupied by two families living separate and apart from each other. The decree of the circuit court of Kane county must therefore be affirmed.

*Decree affirmed.*